[No. 15300.   Department Two.—May 26, 1894.]

## CITY CARPET BEATING ETC. WORKS, RESPONDENT, *v.* H. L. JONES, APPELLANT.

PLEADING—CAUSES OF ACTION NOT SEPARATELY STATED—DEMURRER—
MOTION.—Where two causes of action are not separately stated, the
objection cannot be raised by a demurrer upon the ground that several
causes of action are improperly united; but the remedy is by a motion
to make the pleading more definite and certain by separating and dis-
tinctly stating the different causes of action.

CONTRACT IN RESTRAINT OF TRADE—SALE OF GOODWILL—TERRITORIAL
RESTRICTION PARTLY VALID AND PARTLY VOID—DIVISIBLE COVENANT.
Where the goodwill of a business has accrued from customers residing
in several contiguous counties, though the business was conducted in
one alone, a sale of the business and goodwill with a covenant restrict-
ing the vendor from engaging in business in any of such contiguous coun-
ties for a period of years is not at common law an illegal contract, and
is only void under the code as to the counties other than the one in
which the business was conducted, but is valid as to that county, the
covenant being divisible as regards space, and void only to the extent
to which it departs from the provisions of the code.

ID.—CONSTRUCTION OF CONTRACT—SALE OF CARPET RENOVATING BUSINESS
—RENOVATION OF OTHER FABRICS—GOODWILL.—Upon the sale of the
business of cleaning and renovating carpets, and of the goodwill thereof,
where the contract of sale contained a covenant that the vendor would
not for a period of years enter into the business of cleaning and reno-
vating carpets, "and of cleaning and renovating any other fabrics," the
contract cannot be held void for including the latter covenant, in the
absence of evidence that the vendor was not engaged in renovating and

cleaning other fabrics besides carpets, and, if he was so engaged, it would be giving to the contract a very narrow construction to hold that the goodwill sold did not include such other fabrics.

ID.—LIMIT OF TIME FOR RESTRAINT OF TRADE—INJUNCTION—MODIFICATION OF JUDGMENT.—Under section 1674 of the Civil Code, one who sells the goodwill of the business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or part thereof, so long as the buyer or any one deriving title to the goodwill from him carries on the business; and where the contract provides that the vendor shall not engage in the business for a period of ten years from the date of the instrument, a decree enjoining the defendant from prosecuting or carrying on a rival business until the expiration of the time limited in the contract, must be modified to conform with the statute as to time, viz., that it should continue so long as the plaintiff or any one deriving title to the goodwill from the plaintiff carries on the business in the county, not exceeding ten years from the date of the contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*S. R. O'Keeffe,* and *J. C. Campbell,* for Appellant.

The complaint states two distinct causes of action, which are not separately stated, and the demurrer should have been sustained on that ground. (Code Civ. Proc., secs. 427, 430; *White* v. *Cox,* 46 Cal. 169; *Shelby* v. *Houston,* 38 Cal. 410, 420; *Fuhn* v. *Weber,* 38 Cal. 636; *Nevada etc. Co.* v. *Kidd,* 37 Cal. 282, 284.) The contract is in restraint of trade, and against public policy, and therefore void. (Civ. Code, secs. 1673, 1674, 1675; *Santa Clara etc. Co.* v. *Hayes,* 76 Cal. 387; 9 Am. St. Rep. 211; *Wright* v. *Ryder,* 36 Cal. 342; 95 Am. Dec. 186; *Callahan* v. *Donnolly,* 45 Cal. 152; 13 Am. Rep. 172; *Vulcan Powder Co.* v. *Hercules Powder Co.,* 96 Cal. 510, 513; 31 Am. St. Rep. 242; *More* v. *Bonnet,* 40 Cal. 251; 6 Am. Rep. 621.) The defendant has contracted to refrain from a business which is not the same as the one of which he sold the goodwill to Reamer, and on that account the contract is void. (Civ. Code, secs. 1673, 1674.) The contract is also void under section 1673 of the Civil Code, because it prohibits the defendant Jones from engaging

in the " lawful trade" of a carpet cleaner and renovator, which is not within the exception to section 1673, Civil Code, contained in either of the sections following. (See, also, High on Injunctions, sec. 1170; *Tabor* v. *Blake,* 61 N. H. 83; *Eastern Express Co.* v. *Meserve,* 60 N. H. 198; *Stull* v. *Westfall,* 25 Hun, 1.) The decree in this case is also broader than the law allows, in that it provides that the defendant be restrained from prosecuting or carrying on the business, etc., while the code only allows the defendant to contract not to carry on the business. The decree should follow the statute strictly, and not enlarge it. Section 1674 is in the nature of an exception or proviso to the foregoing section, and should be strictly construed. (Endlich on Interpretation of Statutes, sec. 186; Luther on Constructions of Statutes, sec. 223; *Epps* v. *Epps,* 17 Ill. App. 196; *United States* v. *Dickson,* 15 Pet. 141.) The contract is an entire one, and not divisible. (*More* v. *Bonnet,* 40 Cal. 251; 6 Am. Rep. 621; *Granger* v. *Original etc. Co.,* 59 Cal. 678, 682; *Jackson* v. *Shawl,* 29 Cal. 270.) If any part of an entire contract is illegal, the whole contract is void. (Pollock on Contracts, 322; 1 Parsons on Contracts, 458; Ray's Contractual Limitations, 204–05; Greenhood on Public Policy, 20.)

*Daniel Titus,* for Respondent.

The contract was valid as to the city and county of San Francisco, in which it was made, and in which the business sold was conducted and carried on, even though void as to the other territory mentioned. (*Oregon etc. Co.* v. *Winsor,* 20 Wall. 64; *Chesman* v. *Nainby,* 2 Strange, 739; *Wood* v. *Benson,* 2 Cromp. & J. 94; *Mallan* v. *May,* 11 Mees. & W. 652; *Price* v. *Green,* 16 Mees. & W. 346; *Nicholls* v. *Stretton,* 10 Q. B. 346; Chitty on Contracts, 10th ed., 740; *Beard* v. *Dennis,* 6 Ind. 200; 63 Am. Dec. 380; *Lange* v. *Werk,* 2 Ohio St. 519.)

HAYNES, C.—On June 6, 1887, appellant was engaged in the business of cleaning and renovating carpets at a

designated place on Eighth street in the city of San Francisco, and on that day sold his buildings, machinery, and all appliances, and the goodwill of said business to one Reamer.

In the contract of sale the following covenant was inserted:

" And in order to secure and protect said party of the second part in the full, free, and undisturbed use and enjoyment of the said goodwill, the party of the first part hereby promises and agrees that he will not, for and during the period of ten years from the date of this instrument, enter into or be engaged or interested in, directly or indirectly, the business of taking up, removing, cleaning, renovating, laying, or relaying carpets, and of cleaning and renovating any other fabrics in the said city and county of San Francisco, in the county of Alameda, or in the county of San Mateo."

The property and goodwill so purchased was afterwards sold by Reamer to the plaintiff, a corporation.

The breach of this contract complained of is that appellant afterwards engaged in carrying on said business in said city of San Francisco, on the same street, opposite plaintiff's said place of business.

Plaintiff, on the trial, waived damages, on account of the insolvency of the defendant, and obtained a decree enjoining the defendant from prosecuting or carrying on said business until the expiration of the time limited in the contract.

The demurrer to the complaint was properly overruled. The ground of demurrer was that two causes of action were united, and were not separately stated; one for breach of warranty that defendant would not injure plaintiff's business, and one for a breach of his contract not to carry on the business. I do not think that two causes of action are stated, or were intended to be stated; but if it were otherwise it is not ground of demurrer. The Code of Civil Procedure, section 430, specifies all the grounds of demurrer. The fifth is, " That several causes of action are improperly united."

This provision applies to causes of action which cannot be embraced in the same action, though separately stated, and not to causes of action which may properly be joined in the same action under section 427, but which are not "separately stated," as required by the last-named section.

"The remedy is therefore not by a demurrer but by a motion to make the pleading more definite and certain by separating and distinctly stating the different causes of action." (Pomeroy's Code Remedies, sec. 447. See, also, sec. 446, and *Bernero* v. *South British etc. Co.,* 65 Cal. 386, and *Fraser* v. *Oakdale Lumber etc. Co.,* 73 Cal. 187, 190.)

Appellant's principal contention is that that portion of the contract between defendant and Reamer, hereinbefore quoted, is void, because it includes not only the city and county of San Francisco, but the counties of Alameda and San Mateo.

The Civil Code contains the following provisions:

"SEC. 1673. Every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided in the next two sections, is to that extent void."

"SEC. 1674. One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or part thereof, so long as the buyer, or any one deriving title to the goodwill from him, carries on a like business therein."

Section 1675 relates to partners.

The property and business purchased from appellant was conducted in the city and county of San Francisco, and the goodwill was of the business there conducted. It is conceded that the contract is void so far as it purports to restrict appellant from engaging in said business in the counties of Alameda and San Mateo, and that if the city and county of San Francisco had been the only locality specified in the contract it would have been valid; so that the precise question at issue is

whether the specification of these additional counties makes the restriction void as to the city and county of San Francisco to which the judgment limits the injunction.

At common law the territorial restriction imposed by this contract would doubtless have been considered valid, inasmuch as a portion of the value of the good-will may have accrued from customers residing in these contiguous counties, though the business was conducted in one alone; and the purchaser, unless restricted by statute, or by a controlling public policy, was entitled to the whole of the goodwill which he purchased and paid for. It was not, therefore, at common law an illegal contract, nor are such contracts declared by the statute to be illegal. They are simply void so far or to the extent that they exceed the restrictions imposed by the statute. The code introduces no new principle; it simply eliminates from the controversy arising upon such restriction the question as to what is a reasonable territorial limit, by specifically defining it, and thus preventing litigation; and in this the statute is wise and salutary, even though in certain cases, possibly in this one, it gives the purchaser less than he bought and less than he might enjoy without violating the interests of the public. The statute imposes no penalty upon the purchaser under such contract, nor could it require the seller to resume business.

As was said by this court in *Brown* v. *Kling*, 101 Cal. 295: "A contract restraining one from following a lawful trade or calling at all is invalid because it discourages trade and commerce, and prevents the party from earning a living; but the right to agree to refrain from his calling, within reasonable limits as to space, may have the contrary effect. It encourages trade, for it gives value to a custom or business built up, by making it vendible."

In *Wright* v. *Ryder*, 36 Cal. 342, 358, 95 Am. Dec. 186, the court quoting from Story on Contracts, section 551, speaking of partial or limited restraints, said: "Such

an agreement not only does not obstruct trade, but is oftentimes requisite and necessary, as well for the advantage of the public as of the individual."

We see, then, that when confined within reasonable limits (and as to what is reasonable the statute is conclusive), the public, as well as the parties, are benefited, and are therefore interested in sustaining such contracts as are or may be brought within the statutory restrictions where the contract admits of division. In this case three counties are named in the contract, and I see no difficulty in upholding it as to the county in which the business was conducted, and declaring it void as to the other two counties. The boundaries of each are definite, and fixed by law. Neither includes any part of the others. If the city and county of San Francisco had alone been named the contract would have been good. How the naming of the counties of Alameda and San Mateo in addition, such addition being void, could affect that which otherwise is valid, the void part being capable of exact ascertainment and separation, I do not comprehend, and especially when such separation not only does no violence to the language of the statute, but does justice between the parties and promotes the public interests, and conforms to the obvious intention of the statute. It is only to the "extent" that the contract departs from the provisions of the code that it is declared void.

The case of *Brown* v. *Kling*, 101 Cal. 295, was a case where the contract was that the seller should not engage in the butcher business for three years, the contract omitting the qualification contained in the statute, viz: "So long as the buyer, or any person deriving title to the goodwill from him, carries on the business"; a qualification also omitted here, but as to which no question is made. In that case, however, the question of restriction, or division of such contracts as to space, or territorial limits, was incidentally discussed, and the case of *Baines* v. *Geary*, 35 Ch. Div. 154, was quoted from in part as follows:

" It is quite clear that a covenant in restraint of trade is good if it does not go further than is necessary to give reasonable protection to the person who imposes it.   There is nothing illegal in such a covenant, but it is considered unreasonable if it imposes a larger restraint than is necessary for the protection of the covenantee.   The courts have, however, seen their way to treat such a covenant as divisible, and to enforce it to the extent to which it is reasonable, while declining to enforce such part of it as is unreasonable. There are many reported cases in which covenants in restraint of trade have been held to be divisible as regards space."

Appellant cites several cases which require to be briefly noticed.   The one most nearly in point is *More* v. *Bonnet*, 40 Cal. 251; 6 Am. Rep. 621.   There the covenant was not to engage in the business sold "in the city and county of San Francisco, or state of California." The court said:

"No precise rule can be laid down for the solution of the question whether a contract is entire or separable; but it must be solved by considering both the language and the subject matter of the contract.   There were not two distinct areas, for the one included the other.   The defendant's business was not carried on in the two distinct areas, as two separate occupations, but the complaint avers that the defendant was carrying on business in the *state*, and that he sold such business to the plaintiff."

In that decision (an injunction was denied) it is clear that it was not decided that in no case could the covenant be held valid if it embraced unreasonable limits as to space, but left the question as to whether the territory was divisible to be determined upon the facts of each case, and strongly intimated that the decision was placed upon the ground that in that case "there were not two distinct areas, for the one included the other," and that the complaint alleged that the defendant was carrying on said business "in the state."   It may be

also remarked that that case was decided before the adoption of the Civil Code, and is therefore not to be taken as a construction of the code provision on that subject.

The case of *Santa Clara Valley M. & L. Co.* v. *Hayes*, 76 Cal. 387, is not in point. There the agreement was to form a combination the sole object of which was to increase the price of lumber, by limiting the supply and giving it the control of the lumber market within the territory specified. It was held that the contract was illegal in its very essence; that "the bad enters into and permeates the whole contract, so that none of it can be said to be good," and that it was therefore incapable of division.

In the case of *Wright* v. *Ryder*, 36 Cal. 342, 95 Am. Dec. 186, the covenant was not to run a steamboat upon any of the routes of travel upon the waters of the state. The covenant was held void.

In *Callahan* v. *Donnolly*, 45 Cal. 152, 13 Am. Rep. 172, the covenant was that defendant should not engage in "any branch of the yeast powder business." There was no restriction as to space; it included the world.

The case of *Vulcan Powder Co.* v. *Powder Co.*, 96 Cal. 510, was much like *Santa Clara Valley M. & L. Co.* v. *Hayes*, 76 Cal. 387. The contract was declared to be illegal, and an accounting between the parties was refused upon that ground.

It is also contended that the covenant in this case includes the business of "cleaning and renovating any other fabrics" which is not included in the business the goodwill of which was sold. In the absence of evidence that appellant was not engaged in renovating and cleaning other fabrics besides carpets, or that, if he was, that the goodwill thereof was not sold, it would be giving to the contract a very narrow construction to hold that the goodwill sold did not include such other fabrics. The contract cannot be held to be void on that ground.

The fifth finding, it is contended, is not supported by the evidence. It is not necessary to rehearse the evi-

dence on this point.   The only witness examined was the manager of the plaintiff corporation, who testified to the acts of the defendant, as well as to conversations with him, which, if true, were quite sufficient to sustain the finding in question, and this testimony was wholly uncontradicted by the defendant.   That some portions of the testimony of the witnesses tended to show that defendant was simply an employee may be admitted, if that were material, but we cannot disturb the finding for that reason.

The judgment should be modified to conform to the statute as to time, viz., that it should continue so long as the plaintiff or any one deriving title to the goodwill from it carries on said business in said city and county, not exceeding ten years from June 6, 1887, and, as modified, the judgment, and also the order appealed from, should be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, it is ordered that the judgment appealed from be modified so as to limit the continuance of the injunction for such time as the plaintiff, or any one deriving title to the goodwill of said business from or through the plaintiff, shall carry on said business in the city and county of San Francisco, not exceeding ten years from the date of said contract, and, as modified, the said judgment, and also the order appealed from, be affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.