## IN THE MATTER OF THE ESTATE OF JOHN J. O'GORMAN, DECEASED.

[No. 2007; decided November 15, 1906.]

Will Contest—Motion to Make More Certain.—A. motion to make the statement of contest and opposition to the probate of a will more definite and certain by setting out the several grounds separately will be denied as not the proper procedure for taking advantage of the defective pleading.

Motion to make will contest more certain.

Charles W. Reed and Emil Pohli, for motion, on behalf of the proponent.

J. A. Kennedy and John J. McDonald, for the respondent.

COFFEY, J. The proponent moves to require the contestants to make their statement of contest and opposition on file herein more definite and certain, by setting out their several grounds of contest and opposition separately.

The motion is based upon section 427 of the Code of Civil Procedure, which reads:

"The plaintiff may unite several causes of action in the same complaint, where they all arise out of: 1. Contracts, express or implied; 2. Claims to recover specific real property, with or without damages for the withholding thereof, or for waste committed thereon, and the rents and profits of the same; 3. Claims to recover specific personal property, with or without damages for the withholding thereof; 4. Claims against a trustee by virtue of a contract or by operation of law; 5. Injuries to character; 6. Injuries to person; 7. Injuries to property. The causes of action so united must all belong to one only of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated; but an action for malicious arrest and prosecution, or either of them, may be united with the action for either an injury to character or to the person."

This motion is sought to be supported upon the authority of City Carpet Works v. Jones, 102 Cal. 510, 36 Pac. 841, which says that the remedy, in the given case, is "not by a demurrer, but by a motion to make the pleading more definite and certain by separating and distinctly stating the different causes of action," and in aid of this conclusion is cited Pomeroy's Code Remedies, star section 447. The learned commissioner who wrote this opinion stopped short of a full quotation. The entire section in Pomeroy reads:

"Although the sections of the codes defining what causes of action may be united all require in positive terms that when so joined each must be separately stated, it is settled by the weight of authority, and seems to be the general rule, that a violation of this particular requirement is not a ground of demurrer. This conclusion is based upon the language of the codes authorizing a demurrer for the reason that causes of action are improperly united in the complaint or petition. It is said that this expression only points to the case in which

causes of action have been embraced in one pleading which could not properly be joined; while in the special case under consideration it is assumed that all the causes of action may be united, and the only error consists in external form or manner of their joinder. The remedy is, therefore, not by a demurrer, but by a motion to make the pleading more definite and certain by separating and distinctly stating the different causes of action. The plaintiff can thus be compelled to amend his complaint or petition, and to state each. cause of action by itself, so that the defendant may deal with it by answer or demurrer as the nature of the case demands. It seems to be the settled rule in California, however, that the defect may properly be taken advantage of by demurrer.''

The dictum of Pomeroy is dependent upon a section of the New York Code of Civil Procedure, which is not incorporated in our code.

The New York section 546, New York Code of Civil Procedure, reads:

''Where one or more denials or allegations, contained in a pleading, are so indefinite or uncertain that the precise meaning or application thereof is not apparent, the court may require the pleading to be made definite and certain, by amendment.''

The substance of this section is reproduced in our seventh subdivision of grounds of demurrer, section 430 of the Code of Civil Procedure, ''that the complaint is ambiguous, unintelligible, or uncertain,'' which provision is absent from the New York code: See sec. 488, N. Y. Code Civ. Proc. A comparison of section 430 of the California Code of Civil Procedure with this last citation will point the distinction and difference, and show that the California subdivision 7 takes the place of the New York section 546.

This is the settled rule in California, as Pomeroy states in the final sentence of the paragraph quoted in 102 California, 510: See Pomeroy's Code Remedies, 4th ed., 1904, note 1, page 456.

It follows that the motion should be denied and the demurrer sustained, with leave to amend within ten days from notice.