CHICAGO—FIRST DISTRICT—MARCH, 1917.    477

Western Cold Storage Co. v. Estate of Kaufman, 204 Ill. App. 477.

Western Cold Storage Company, Appellant, v. Estate of Joseph Kaufman, Deceased. Rosa Kaufman, Executrix, Appellee.

Gen. No. 22,720.

1. CONTRACTS, § 129*—*when unenforceable.* There can be no enforceable contract, either express or implied, which by its terms violates a statute or a city ordinance.

2. CONTRACTS, § 129*—*when no recovery may be had by warehouseman for storage charges.* No recovery can be had on a contract for storage charges upon decayed or unwholesome vegetables or fruit condemned as such under a municipal ordinance prohibiting the keeping or storing of such vegetables or fruit, and subjecting the violator of such ordinance to a penalty, for any period such vegetables or fruit were stored after being so condemned, as such contract is void.

Appeal from the Circuit Court of Cook county; the Hon. VICTOR P. ARNOLD, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 26, 1917.

CULVER, ANDREWS, KING & COOK, for appellant.

HENRY B. SPURLOCK, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is a claim for storage and has been tried twice, once in the Probate Court without a jury, and on appeal in the Circuit Court with a jury. The findings of the two learned judges who passed upon the merits of the claim and the verdict of the jury in the Circuit Court were against claimant.

The claim is for the storage of rotten potatoes, condemned as such by the city authorities. The potatoes were originally stored by E. Gehm & Son, who, it is claimed, on the 29th of December, 1913, assigned the same to Joseph Kaufman & Company. There is some

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dispute as to whether Kaufman & Company accepted of such assignment and whether they owned the potatoes. There are some actions on their part which would indicate that they did accept the assignment, but in the conclusion to which we have come we do not think the merits of the cause rest upon this contention.

These potatoes were inspected and condemned by the Chicago Health Department January 6, 1914, as diseased, rotten, and unfit for human food, and it follows that they must have been in that condition on December 29th preceding. The storage upon these potatoes was paid by Gehm & Son to January 25, 1914. The claim is for storage to April 10, 1914, thereafter.

Under these circumstances, we do not think claimant is entitled to be recompensed for the storage of the potatoes after their condemnation by the Municipal authorities as unfit for human food. It is provided in section 1375 of the Municipal Code of Chicago, which was offered in evidence, *inter alia,* that:

"No person or corporation shall bring or cause to be brought into the city any decayed or unwholesome vegetable, vegetables or fruit intended to be consumed or sold or offered for sale for human food; nor shall any person or corporation keep or store in the city any decayed or unwholesome vegetable, vegetables or fruit."

The violation of this ordinance subjects the violator to a penalty. This is a health ordinance, and every day that claimant kept the condemned potatoes in storage after their condemnation he violated this ordinance. There can be no enforceable contract, either express or implied, which by its terms violates a statute or city ordinance. In *Nash v. Monheimer,* 20 Ill. 215, the court said:

"It is a rule of the common law that all contracts in violation of its principles, or opposed to legislative enactments, or that are opposed to public policy, are void. The object of all laws is to repress vice and to

promote the general welfare of the State or society; and an individual shall not be assisted by the law, in enforcing a demand originating in a breach or violation, on his part, of its principles or enactments." *Armstrong v. Taylor,* 11 Wheat. (U. S.) 258.

The contract claimed, for storage of potatoes condemned by the health authorities of the City of Chicago, was void, and it follows that the claimant had no right of recovery.

The judgment of the Circuit Court is affirmed.

*Affirmed.*