R. C. ROPER, APPELLEE, v. LEO E. PRYOR, APPELLANT.

FILED NOVEMBER 1, 1918.   No. 20150.

Injunction: NOMINAL DAMAGES.  An attorney entered into a contract
of employment with a brother attorney, whereby he agreed to
refrain from the practice of his profession within a specified
county, for a definite term of years from the termination of such
employment.  The validity of the contract and the reasonableness
of its restrictive terms being unquestioned, *held*, the plaintiff is
entitled to an injunction to prevent its violation, even if only
nominal damages can be proved.

APPEAL from the district court for Butler county:
GEORGE H. THOMAS, JUDGE. *Affirmed.*

*Hastings & Coufal,* for appellant.

*R. C. Roper,* contra.

MORRISSEY, C. J.

In October, 1914, plaintiff was engaged in the law
practice in Butler county.  Defendant had just com-
pleted a course in a law college and been admitted to
the bar.  Plaintiff employed defendant, at a salary not
in excess of that paid to an ordinary clerk.  Their con-
tract was reduced to writing, and by its terms defend-
ant agreed, "in consideration of this employment con-
tract and the salary herein agreed upon," that upon the
termination of the contract he would not, for a term of
ten years from such termination, enter into or engage in
the practice of his profession in Butler county.

Defendant remained with plaintiff until August, 1916.
Shortly thereafter he opened an office in David City,
the county seat of Butler county.  In November follow-
ing plaintiff brought this action, based upon the con-
tract mentioned, to restrain defendant from following
his profession in Butler county.  A permanent in-
junction was granted, and defendant appeals.

Actions of this kind are not uncommon in some lines of business, but, after a diligent search, the writer finds no case where, under circumstances such as disclosed by this record, an established lawyer has sought, in a court of equity, to withhold from a brother practitioner, who has served as his clerk and assistant, the opportunity. of engaging in his profession. However, we are not asked to pass upon the validity of the contract, or the reasonableness of its restrictive terms. The point presented by defendant is that the breach in this case is a mere technical one, for which plaintiff should be left to his remedy at law. While the circumstances in this case are unusual, in that defendant did not have an opportunity to come in close contact with the clients of plaintiff, and that, up to the time of suit, none of such clients had gone over, or threatened to go over, to defendant, yet it seems that the extent of the damage is not a subject of inquiry. 14 R. C. L. sec. 94, p. 394. The fact that there was a continuous breach, and that plaintiff was entitled to recover at least nominal damages, was sufficient for the assumption of jurisdiction and the granting of relief. *Brown v. Kling,* 101 Cal. 295. See, also, *Freudenthal v. Espey,* 45 Colo. 488, 26 L. R. A. n. s. 961, and note in 15 Ann. Cas. 696 (*Simms v. Burnette,* 55 Fla. 702).

It follows that the decree of the district court should be

AFFIRMED.