American Tank & Installation Company, Appellee, v. The Rudolph Wurlitzer Company, Appellant.

Gen. No. 33,447.

Opinion filed October 11, 1929.

MISHKIN & MISHKIN, for appellant.

THOMAS M. WHITSON AND EARL J. WALKER, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an appeal from a judgment for plaintiff in the sum of $400 in a trial had without a jury.

The suit is based upon a written order by defendant to furnish and install, complete at a cost of $400, one 2,000-gallon tank of one-quarter inch steel to be used as a tank on the fifth floor of premises in Chicago occupied by defendant company.

The affidavit of merits denied entering into the contract, and as a further defense in substance alleged that defendant requested plaintiff to estimate the cost, etc., of installing a tank of sufficient size to comply with the city ordinances, that plaintiff represented a tank of the above description as necessary and that it would get the city permit therefor, that relying upon such representation the above order was given, that a tank of that size is not in compliance with the city ordinances, that plaintiff failed to obtain a city permit, that defendant was obliged to remove the tank installed by plaintiff and to purchase one authorized by the city

ordinances at an expense of $500, for which it claimed a set-off.

The court took judicial notice of the city ordinances involved and under ''An Act in relation to judicial notice,'' passed by the last legislature, we are required to take judicial notice of all matters of which an inferior court on trial of the case took judicial notice. (Cahill's St. 1929, ch. 51, ¶ 58.)

The ordinances in question of which the court took judicial notice are set forth in sections 783, 943 and 945 of the Chicago Municipal Code, 1922, ch. 17, art. 13.

Section 783 makes it unlawful to construct or permit to remain on the roof of any building in the city a tank of a larger capacity than 400 gallons unless such tank shall rest upon a good and sufficient foundation of solid brick or stone masonry or upon iron girders set on steel plates which rest upon a good and sufficient foundation of solid brick or stone masonry, or upon iron or steel construction. It further provides that no tank of a greater capacity shall be constructed upon any building without first submitting for approval to the commissioner of buildings a complete set of plans showing the construction in detail of the supports and foundations of such tank, and that the owner or his agent or the contractor erecting such tank shall, before proceeding with the erection of such tank, procure from the department of buildings a permit for the superstructure work. Section 943 declares every building constructed in violation of the provisions in said chapter to be a nuisance. Section 945 provides a penalty against any person, firm or corporation that violates or neglects to comply with such provisions, and against any builder or contractor who shall construct any building in violation of such provisions.

Acting under the contract, appellee erected a tank of the dimensions referred to on appellant's building but not in compliance with the requirements of said

building ordinance, and appellant received a notice from the commissioner of buildings to that effect which required it to remove the tank or submit plans for placing the tank in compliance with the ordinance and to procure a permit for such work. Defendant was obliged to remove the tank and refused to pay plaintiff's bill for which this suit was brought.

We must hold that there can be no recovery on the contract in question. It appeared that no permit for the erection of the tank was procured and that a tank of the dimensions required was installed only on wood joists or timber, in violation of said ordinance. If plaintiff could not recover because of such violations of the ordinance in the performance of the contract, we need discuss no other points urged for reversal.

Much of the record is taken up with conversations had prior to and subsequent to the entering into the contract. While those had before entering into the contract will be deemed merged therein and those subsequently had are not such as materially modified the same, they did not affect the main question of the right to recovery in view of the unquestioned violations of the ordinance in performing the contract.

The written contract is in the form of a written order. While neither in that form nor as modified, if at all, by said conversations, does the contract appear to be invalid, no recovery can be had thereon because it was performed in a manner violating said ordinance. It is the contention of appellee that its right to recover cannot be defeated because it was carried out in an illegal way, citing *Fox v. Rogers,* 171 Mass. 546. In that case it was held that there was no policy of the law against the plaintiff's recovery unless his contract is illegal, "and a contract is not necessarily illegal because it is carried out in an illegal way." Dissenting from this doctrine in his work on contracts (sec. 1761) Professor Williston says: "Not the illegality

of the contract, but the illegality of the plaintiff's conduct either in entering into or in performing the contract is the true ground for denying recovery.'' There are respectable authorities sustaining this view of the law. Cases cited where it was sought to recover under a contract prohibited by law are not directly in point. Most of them involve an action by one to recover under a contract which either he was unauthorized by law to enter into, as where a license is required by law to engage in the business that is the subject matter of the contract, or which is prohibited by statute, ordinance or law. *Douthart v. Congdon,* 197 Ill. 349; *Union Nat. Bank of Chicago v. Louisville, N. A. & C. Ry. Co.,* 145 Ill. 208; *Penn v. Bornman,* 102 Ill. 523; *Western Cold Storage Co. v. Estate of Kaufman,* 204 Ill. App. 477.) Somewhat analagous cases to the one at bar are, however, cited from other jurisdictions. While the case seems to have been decided on another point, it was said in *Smith v. Luning Co.,* 111 Cal. 308, 43 Pac. 967, that a contractor could not recover on the agreement with the defendant to lay a sewer in front of his premises where he had not obtained a permit as required by the city ordinance without procuring which the work was in violation of the city ordinance. In *Long v. Owen,* 21 Idaho, 243, 121 Pac. 99, plaintiff sought to recover on a contract to build a walk. There was a conflict of evidence there, as here, as to whether anything was said about compliance with the city ordinance. The court held the conflict was immaterial; that even if nothing was said about the work being done in compliance with the city ordinance, that fact would be implied and the contractor would be required to do his work in substantial compliance with the ordinance before he would be entitled to recover the contract price. It was there held that the ordinance was a part of the contract and that there was an implied agreement to so perform the work as to meet its require-

ments. The same principle is recognized in *Manvell v. Weaver,* 53 Wash. 408, 102 Pac. 36. Other authorities might be cited to support the recognized rule of law that no recovery can be had by either party to a contract the performance of which involved the violation of an existing law. A legal performance of the contract in this case required both the procuring of a permit and installation of the tank according to the requirements of the ordinance. Neither was done and both owner and contractor were chargeable with violation of the ordinance. Not only can there be no recovery, therefore, by the latter but the former, being in *pari delicto,* is in no position to recover on a set-off based on the expense to which it was put in removing the tank for the unlawful installing of which, contrary to the ordinance, it was equally liable. Under the conceded state of facts no recovery could be had by either party at law.

Accordingly the judgment will be reversed.

*Reversed.*

SCANLAN and GRIDLEY, JJ., concur.