[Civ. No. 12672.   Second Dist., Div. One.   Dec. 9, 1941.]

LENNON M. DUNTLEY, Respondent, v. WALTER S. TUTT, Appellant.

H. C. Millsap and William Ellis Lady for Appellant.

Wallace K. Downey for Respondent.

DRAPEAU, J. *pro tem.*—The plaintiff and defendant entered into an oral contract of copartnership, for the purpose of conducting an insurance brokerage business in Los Angeles. This partnership began August 1, 1934, and continued until October 6, 1938. An audit and accounting of the affairs of the partnership disclosed that the defendant was indebted to the plaintiff in the sum of $9,783.53, whereupon the partnership was terminated. The trial court rendered judgment against the defendant for the amount found to be due by the audit.

At least 90% of the partnership business came from two sources:

(a) From insurance premiums paid by companies controlled directly or indirectly by one corporation. This corporation employed the plaintiff and he was also a director of it.

(b) Concerns of which the father of the plaintiff was the owner or interested as a partner.

The business from these two sources will hereafter be referred to as controlled business.

The partnership contract was oral and in substance the trial court found it to be that the partners would solicit and obtain insurance from the public generally, and would divide the profits in the following manner:

Two and one-half per cent of the total premiums from the controlled business to be paid to the defendant, the balance of the profits of the partnership to be shared equally between the partners. There were other provisions in the partnership contract relative to sharing expenses thereof which are not in dispute and which we think have no particular bearing upon a determination of this case.

Upon appeal the defendant urges the following reasons for a reversal of the judgment of the lower court:

1. That certain findings of the trial court are conclusions, and do not support the judgment based thereon.

2. The contract of partnership was illegal because it contemplated a violation of the California Insurance Law, as contained in the pertinent portions of the Political Code which were in effect at the time the partnership was formed, and as carried forward with some changes in the Insurance Code. Being an illegal contract, the defendant should not be required to account to the plaintiff for any part of the partnership profits which the defendant may have secured at the expense of the plaintiff.

3. A proper construction of the contract required a finding by the trial court that the defendant have judgment against the plaintiff for $11,385.99 instead of the plaintiff having judgment against the defendant for $9,783.53. This for the reason that the contract should be construed to mean that the parties agreed that the defendant was entitled to all of the partnership profits arising out of the controlled business, and that then the partners should share equally in the profits from the other business of the concern. That by so construing the contract it would square the findings with the defendant's theory that the contract was made with due regard to the insurance law of our state.

▉ 1. The findings under attack are:

1. That the parties formed a copartnership for the purpose of conducting an insurance brokerage business, and entered into and conducted said business.

2. A finding as to the agreement of copartnership and the division of the profits and expenses thereof.

3. That the defendant applied $9,783.53 of the receipts and profits of the business to his own use, and by reason thereof has become indebted to the plaintiff in that amount.

4. That the defendant has neglected and refused and still neglects and refuses to account therefor.

After reviewing these particular findings, and the findings as a whole, we think they are sufficient to sustain the conclusions of law and judgment based thereon.

▉ The assertion of illegality of the contract of copartnership has been earnestly argued by appellant. This argument is based upon an elementary rule in the law of

contracts that any contract which has for its object an illegal purpose will not be enforced, either in law or in equity. As was said in *Industrial D. & L. Co.* v. *Goldschmidt,* 56 Cal. App. 507, 509 [206 Pac. 134] : "a contract which contemplates the doing of a thing which is unlawful at the time of the making thereof is void."

But the trial court found the contract to have been made with a legal object in view, and we think there is substantial evidence in the record to support this finding. Neither at the time the partnership was formed, nor at any time during its existence, did the insurance law of this state forbid persons to contract to carry on a brokerage business which included controlled business such as we are here considering. The laws that were in effect during the life of the copartnership forbade any broker to have more than a certain percentage of such controlled business, and for a violation prescribed the penalty of misdemeanor. (Section 633a20, Political Code; section 760, Insurance Code, adopted in 1935, and as amended in 1937.)

Section 633a20 of the Political Code in effect when the partnership was formed, provided that commissions on insurance written for a broker's employer must equal commissions on insurance for persons other than broker's employer, and that the receipt of such commissions on the excess prohibited by the statute would be unlawful.

As defendant argues in his own brief, it is the duty of the court to give to every contract such an interpretation as will make it lawful, operative, definite, reasonable and capable of being carried into effect, if it can be done without violating the intention of the parties. (Civil Code, section 1643.) An interpretation which gives effect to a contract is preferred to one which makes it void. (Civil Code, section 3541.) The California courts have applied the above rule of construction to a variety of situations. Supported by many authorities, the rule is stated as follows in 6 Cal. Jur. 268, section 168 :

"As between two permissible constructions, that which establishes a valid contract is preferred to that which does not, since it is reasonable to suppose that the parties meant something by their agreement, and were not engaged in an attempt to do a vain and meaningless thing. The parties are deemed to have intended a lawful, rather than an unlawful,

act, and their agreement is to be construed, if possible, as intending something for which they had the power to contract. All intendments being against fraud and in favor of fair dealing, it will not be presumed against a writing that it contemplated a violation of the law, unless that conclusion becomes irresistible from the very reading of the instrument.'' (*Robbins* v. *Pacific Eastern Corp.,* 8 Cal. (2d) 241 [65 Pac. (2d) 42, at p. 58]; *Boland* v. *Boland,* 7 Cal. App. (2d) 401 [46 Pac. (2d) 238]; *Entremont* v. *Whitsell,* 13 Cal. (2d) 290 [89 Pac. (2d) 392]; *General Paint Corp.* v. *Seymour,* 124 Cal. App. 611 [12 Pac. (2d) 990]; *Schroeder* v. *Wheeler,* 126 Cal. App. 367 [14 Pac. (2d) 903]; *White* v. *Cascade Oil Co.,* 14 Cal. App. (2d) 695 [58 Pac. (2d) 994]; *Smith* v. *Luning Co.,* 111 Cal. 308 [43 Pac. 967]; *Maguire* v. *Reardon,* 41 Cal. App. 596 [183 Pac. 303]; *Brown* v. *Kling,* 101 Cal. 295 [35 Pac. 995].)

Therefore, it is apparent to us that the trial court applied these well known and understood principles in the law of contracts to the problem before him, and gave to the plaintiff the presumption which our law required him to give —that the transaction in question was fair and regular and that the law was obeyed.

Subdivisions 19 and 33, section 1963, Code of Civil Procedure.

It is not disputed that as time went on 90% of the insurance business of the partnership was controlled business. We have not analyzed the controlled business to ascertain what part of it came within the statutory inhibition, because there is evidence in the record from which the court could, and did, draw the conclusion that, in its inception, this partnership contract contemplated soliciting the general public for business, and that the contracting parties contemplated that business obtained from the public generally would amount to more than the percentages of controlled business permitted by the Insurance Code. We think that the conclusion of the trial court was the proper one.

3. What we have just said relative to the finding of the trial court of the legality of the contract of partnership applies with equal force to the third reason of appeal presented by the defendant. There was nothing in the law which made it necessary for the parties to contract as to any special allocation of profits from the controlled business. This being

so, the construction contended for by the defendant was not required of the trial court as a matter of law. Therefore, the finding being based upon a matter of fact, the record contains ample evidence to sustain it.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied January 7, 1942, and appellant's petition for a hearing in the Supreme Court was denied February 5, 1942.