[No. 3,103.]

## CALLAHAN v. DONNOLLY.

CONTRACT IN RESTRAINT OF TRADE.—A contract which provides that a party shall not engage in "any branch of the yeast powder business," is in restraint of trade, and therefore void.

IDEM.—A contract in restraint of trade, and which is not by its terms limited as to the territory embraced in its operation, will not be supported.

IDEM—WHEN UPHELD.—A contract in restraint of trade, to be upheld, must be restricted as to territory, and it must appear to the Court, in considering the nature of the business in connection with the territorial limits assigned, that the limits designated are not unreasonable in extent.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

On the 13th of September, 1864, Thomas Donnolly, T. C. Donnolly, and one Landsberger, comprising the firm of Donnolly & Co., sold to the plaintiff for seventeen thousand and eighty-five dollars the business of manufacturing "Donnolly's Yeast Powder," and entered into his employment, agreeing that for eight years they would not engage in the manufacture of "Donnolly's Yeast Powder," nor in any branch of the business. They were to receive for their services a certain percentage of the profits of the business. On the 8th of April, 1867, T. C. Donnolly sold his interest in the contract to the plaintiff for four thousand five hundred and seventy-four dollars, again covenanting that he would not make or sell any powder "under the name or in the nature of the Donnolly Yeast Powder," within the State of California. This action was brought upon an alleged breach of these contracts. It is brought to enjoin the defendant from manufacturing or selling such yeast

powder, and to recover damages. The answer denies making or selling Donnolly's Yeast Powders; but admits making another kind of yeast powder. After hearing evidence the Court made an order enjoining the defendant from manufacturing or selling any yeast powder "in the nature of the Donnolly Yeast Powder," during the pendancy of the action. The defendant appealed from the order.

*Mastick*, for Appellant, argued that the contract not to make or sell the yeast powder is void, as being in total and general restraint of trade and public policy. (36 Cal. 342; 40 Cal. 251; 21 Wend. 157; 19 Pick. 51; 1 Smith's Leading Cases, 508.)

*Barnes* and *Bowie*, for Respondent.

The contracts in suit are not within the purview of the rule against restraint of trade. It was a case in which traders sold to a successor their business and the secret of their art, and restrained themselves from the use of it in the State of California for eight years, and for which the plaintiff had paid a large and valuable consideration. Such contracts have been upheld by the Courts. (Chitty on Contracts, 581; Story on Contracts, Sec. 556; 19 Pick. 523; 23 Barb. 633; 18 How. 289; 5 Duer, 76.)

By the COURT:

The contract which provides that the Donnollys will not engage in the manufacture of "Donnolly's Yeast Powders," *nor in any branch of the yeast powder business*, is in the latter clause plainly in restraint of trade, and therefore void. (*Wright* v. *Ryder*, 36 Cal. 357; *More* v. *Bonnet*, 40 Cal. 251.)

It does not appear that the Donnollys are manufacturing "Donnolly's Yeast Powders." A contract in restraint of

trade, and which is not by its terms limited as to the territory embraced in its operation, is not to be supported. "It is to be remembered, however (said TINDAL, C. J., in *Horner* v. *Graves*, 7 Bing. 744), that contracts in restraint of trade are in themselves, if nothing more appears to show them reasonable, bad in the eye of the law."

A contract in restraint of trade must designate the space within which it is to operate, and must not be unreasonably extended. Such contracts, when upheld, are only in cases where the parties have restricted the territory in which they are to operate, and where the Court, in considering the nature of the business in connection with the territorial limits assigned, is of opinion that the designated limits are not unreasonable in extent.

Here, no limits being given by the contracting parties, the case falls within the general rule that prohibits contracts in restraint of trade.

Order reversed.