FORD, appellant, *v.* GREGSON ET AL., respondents.

*A contract held contrary to public policy.* — By the terms of a contract entered into between several owners of different water rights connected with the working of certain placer-mining land, it was covenanted that each of said owners, under the penalty of ten thousand dollars as agreed and liquidated damages, should not sell his water right, or interest therein, without the written consent of all the parties thereto, and also, that, without such written consent, neither should make any sale to or settlement or compromise with certain parties who were then endeavoring to obtain the possession of said water rights, or any other person or persons who might thereafter endeavor to obtain possession of the same. It was also covenanted that each should join with the others in the event of any litigation arising with reference to said water rights. *Held*, that such a contract is void, on two grounds: 1. As being contrary to public policy (particularly so in Montana, when water is the subject of the same), and as being analogous to contracts in restraint of trade; 2. Inasmuch as it imposes a restraint and condition upon compromises or settlements of litigation and disputes.

*Courts do not make contracts, but interpret them.* — In an action upon such contract by one party thereto against the others, to recover the penalty therein, it was insisted that the court should treat "the portion of the contract that might be contrary to public policy or in restraint of trade " as surplusage. *Held*, that the provisions of the contract asked to be treated as surplusage are substantial parts thereof, and cannot be disregarded.

*Appeal from District Court, Silver Bow County.*

THOMAS L. NAPTON, for the appellant.

The real intention of the parties, derived from the language used in the contract, together with the facts gathered from the condition of the contracting parties at the time of its execution, and the subject-matter of the contract, are first to be ascertained, and if the contract can then be construed so as not to be repugnant to law, or public policy as indicated thereby, the contract is valid, and should be enforced by the court at the instance of the injured party. See p. 154, secs. 610, 614, Cod. Stats. Mont. 1879, and other sections governing the construction of statutes and contracts.

The interests of no third parties are at stake; no heirs of any of the parties seek shelter from its violation. The common law would allow the restraint upon the sale of the land for twenty-one years or for life, but the restraint in this contract is not absolute. The contract, so far as the sale is concerned, only prohibits, in a liberal construction of the same, a sale to those parties with whom there was trouble, and with whom future trouble was anticipated, and it really expressly provides for a manner of settlement with or sale to them by getting the written consent of the other parties to the contract. See *Hoffman* v. *Vallejo*, 45 Cal. 564; *Matthewson* v. *Fitch*, 22 Cal. 86; 3 Johns. Ch. 518, 519. "The law will not pronounce an agreement void, as illegal or against public policy, when it is capable of a construction which will make it valid." *Curtis* v. *Gokey*, 68 N. Y. 300; *Ormes* v.

*Dauchey,* 82 N. Y. 443; *Lorillard* v. *Clyde,* 86 N. Y. 384; 1 Edward Browning's Notes, 344. The damages are liquidated by the terms of the contract. 19 Cal. 677; 9 Cranch, 456; 2 Parsons on Contracts, 6th ed., 157; 1 Pomeroy's Eq. Jur., p. 482, sec. 440–447; 1 Sutherland on Damages, 489–492. A contract in restraint of trade for an indefinite time is not illegal or invalid. 43 Am. Dec. 93; 7 Am. Dec. 741, and cases cited. What contracts, when based on a valid or sufficient consideration, are good. 63 Am. Dec. 511; 63 Am. Dec. 380, and cases cited; 61 Am. Dec. 746. Our statutory provisions are not exclusive, and are nothing but a summary of the rules of construction adopted by courts, and leave the rules of construction adopted by other courts free to the use of Montana courts.

KNOWLES & FORBES, for the appellant, filed no brief.

W. W. DIXON, for the respondents.

Parol evidence is admissible to identify parties or subject-matter in a contract, or to show the circumstances under which it was made, or to explain a latent ambiguity, but never, in the absence of fraud or mistake, to add to, vary, or contradict a contract the terms of which are plain, or to change its legal effect or meaning. Secs. 610, 614, Rev. Stats. Mont., p. 154 (cited by appellant), and sec. 612, p. 154; 2 Parsons on Contracts, 6th ed., pp. 547–557; *Richardson* v. *Hardwick,* 106 U. S. 252; *Bast* v. *Bank,* 101 U. S. 93.

Respondents claim that the contract is contrary to public policy, and void, — 1. Because it imposes a restraint and condition upon compromises or settlements of litigation and disputes which are favored in law. See Bishop on Contracts, secs. 491–466. 2. Because it imposes a restraint and condition upon the alienation of

real property. The contract here is like a contract in restraint of trade, and such contracts, where they are unlimited or tend to a monopoly, are void. Thus a secret combination to stifle competition is illegal. 2 Benjamin on Sales, 695, and authorities cited; 2 Pomeroy's Eq. Jur., sec. 934. And so an agreement of mill-owners to reduce wages. 2 Parsons on Contracts, 753. And a contract of coal companies to monoplize the market. *Arnott* v. *P. & E. C. Co.*, 68 N. Y. 558; *Morris Run. C. Co.* v. *Barclay C. Co.*, 68 Pa. St. 173; 8 Am. Rep. 159. And a contract not to sell marl off of adjoining lands. 3 Pomeroy's Eq. Jur., 315, note. And a contract not to sell cotton bagging for three months. La. case, 3 U. S. Dig., first series, p. 469, sec. 1344. That restraints or conditions on alienation of land are void, see 1 Washburn on Real Property, 80; 2 Id. 8, 9; 1 Bla. Com., b. 2, p. 157, and note; 4 Kent's Com. 131, 132, and note; *De Peyster* v. *Michael*, 6 N. Y. 467; 56 Am. Dec. 470, and note; *Livingston* v. *Stickles*, 8 Paige, 398; *Newkirk* v. *Newkirk*, 2 Caines, 345; *Blackstone Bank* v. *Davis*, 21 Pick. 42; *Mandlebaum* v. *McDonell*, 29 Mich. 78; 18 Am. Rep. 61, and note; *McCleary* v. *Ellis*, 54 Iowa, 311; *Norris* v. *Hensley*, 27 Cal. 439; *Brothers* v. *McCurdy*, 78 Am. Dec. 388; *Chipman* v. *Emeric*, 5 Cal. 49; *Murray* v. *Green*, 64 Cal. 363. Formerly the authorities were disposed to hold that a condition against alienation to a particular person was valid, but the later American cases deny the legality of even such a restraint. See cases cited.

In the case at bar the restraint was general as to all persons, as the contract shows. That a contract founded upon an illegal consideration, or to further any matter prohibited by statute or public policy, is void, see 1 Story's Eq. Jur., secs. 258, 292; 2 Kent's Com. 467; *Swauger* v. *Mayberry*, 59 Cal. 91.

The opinion states the case.

McCONNELL, C. J. This is an action for the breach of a written contract, brought by the appellant against the respondents in the district court of Silver Bow County. Defendants demurred to the amended complaint of the plaintiff, and the demurrer was sustained by the court. There was judgment dismissing the plaintiff's suit, and taxing him with the costs, from which he appealed to this court. Said appeal is based on the judgment roll and errors in law.

The contract sued on is as follows, to wit:—

"This agreement, made and entered into by and between William Hinkleman, Eli Gregson, Alexander Henninger, George Kessler, Thomas Ford, of Silver Bow County, Montana Territory, witnesseth, that the said parties hereto do hereby covenant, promise, and agree, to and with each other, in substance as follows, to wit:—

"Whereas, the above-named parties hereto are the rightful owners and in the possession of certain water-rights in and on German Gulch and its tributaries, in said Silver Bow County, and also of certain placer-mining land in the same gulch, which is worked with the water above mentioned; and whereas, certain parties have endeavored and are now endeavoring to take from the said parties hereto, by wrong and unlawful means, and appropriate to their own use, a portion of the water hereinabove mentioned, which will be greatly to the damage of the said parties; now, therefore, these presents witnesseth, that the said parties hereto do hereby covenant, promise, and agree, to and with each other, that they, or either or any of them, will not sell said water-right, or their interest in the same, except by and with the written consent of all of the above-mentioned parties hereto; and without such written consent neither of said parties will make any sale to, or settlement or compromise with, said parties above referred to, or any

other person or persons, who may be now or here-
after endeavoring to obtain the possession of the said
water-rights; and the better to enforce and compel the
faithful observance of the stipulations aforesaid, the
said parties hereto do hereby acknowledge themselves,
and each of them, held and firmly bound unto each
other, in the penal sum of ten thousand dollars, lawful
money of the United States, as agreed and liquidated
damages, for the payment of which, well and truly to be
made, they severally bind themselves, their heirs and
legal representatives, firmly by these presents; con-
ditioned, however, that they severally comply with and
hold inviolate the stipulations herein contained.

" It is further understood and agreed that the said
parties hereto will join together and make common
cause, in defense of their common and several interests,
in any contest or action at law which may arise in
reference to the said water and water-rights and placer-
mining ground hereinabove referred to, and that, of
any and all expenses necessarily incurred in protecting
their said water-rights, whether by action at law or
otherwise, the said Thomas Ford agrees to and will pay
the one half, and the other parties, to wit, William
Hinkleman, Eli Gregson, Alexander Henninger, and
George Kessler, will pay the other half; provided, how-
ever, that in case a sale be made of said water and water-
rights, then the said Thomas Ford shall have and receive
the one half of the money received in payment therefor,
and the other contracting parties shall receive and have
the remaining one half of the money received therefor.
The said placer ground hereinabove referred to is better
described and designated in the survey and plat filed
with the application for patent as lot No. 44, in town-
ship No. 4 north, of range No. 10 west.

" In witness whereof the said parties hereto have set

their hands and seals this twenty-first day of August, A. D. 1884.

[Signed]          " William Hinkleman.

"Elf Gregson.

"Alex. Henninger.

"George Kessler.

"Thomas Ford."

Agreement duly verified before Caleb E. Irvine, notary public, on the twenty-first day of August, 1884.

The demurrer is as follows, to wit:—

"Now come the above-named defendants, and demur to the complaint of plaintiff herein, filed April 15, 1885, and for causes of demurrer state:—

"1. That said amended complaint does not state facts sufficient to constitute a cause of action.

"2. Said amended complaint shows upon its face that the alleged contract, upon which this action is brought, was and is contrary to public policy and void in law, in so far as it attempts to restrain or to impose a condition upon the alienation of the property therein mentioned, or of any interest therein, or the settlement or the compromise of any controversy or litigation in reference thereto; and it is for the breach of the covenants not to sell or settle or compromise that this action is brought.

"3. Said amended complaint is ambiguous, unintelligible, and uncertain, in that the allegations of the contract in said complaint do not correspond with, but differ from and contradict, the contract, as set out by copy and made part of the complaint, in that,—1. The said amended complaint, in the first clause thereof, alleges certain considerations and objects and intentions in regard to said contract, and entering into the same, none of which are contained or expressed in the contract as set out by copy, but are inconsistent with said contract, and the terms thereof; 2. Said amended complaint alleges that by said contract the said parties there

'covenanted, promised, and agreed to and with each other that they, or either of them, without the written consent of the other parties to said contract, would not sell, compromise with, or settle with the parties referred to in said contract, or any other person or persons who were then or thereafter endeavoring to obtain possession of said water or water-rights'; whereas the copy of the contract set out provides that the parties thereto ' covenant, promise, and agree to and with each other that they, or either or any of them, will not sell said water-right, or their interest in the same, except by and with the written consent of all the parties; and that without such written consent, neither of said parties will make any sale to, or settlement or compromise with, said parties above referred to, or any other person or persons who may be now or hereafter endeavoring to obtain the possession of said water and water-rights '; 3. Said amended complaint is many other respects ambiguous, unintelligible, and uncertain.

" Wherefore defendants asked judgment that this action be dismissed, and for their costs.

    [Signed]            " W. W. DIXON,
                 "Attorney for Defendants."

In order to ascertain whether this contract is obnoxious according to the above objections, we will briefly summarize its provisions: 1. The parties to said contract are the owners and in possession of certain water-rights in and on German Gulch and its tributaries, and also of certain placer mining land in the same gulch; 2. There were certain parties averred in the amended complaint to be Williams and Smith, but not named in the contract, who had endeavored, and were then endeavoring, unlawfully to deprive them of a portion of the water to which they were entitled; 3. They virtually covenant among themselves that no one should sell to said parties, or to any one else, his interest in said water-right, except by

the written consent of all the others, and that no one should make any compromise or settlement with said parties, or any one else, without the written consent of all the others; 4. They bind themselves in the penal sum of ten thousand dollars, each one to the other, as agreed and liquidated damages, conditioned that they severally comply with and hold inviolate the stipulations therein contained; 5. They obligate themselves, their heirs and legal representatives, to pay this penal sum, if the stipulations of the contract should be broken; 6. They enter into a compact with one another to make common cause in any contest or action at law, in reference to said water and water-right, and placer-mining ground, and apportion the expenses of such lawsuit, and the money that might arise from any sale made of such water-rights.

It is alleged in the complaint that all the parties to this contract except Ford violated it by compromising with Williams and Smith, and selling to them their several interests in said water and placer-mining ground, without first having obtained his written consent. Hence he sues for the penal sum of ten thousand dollars as liquidated damages.

The contract sued on at least is void on two grounds:—

1. It prohibits the owner of the water-right from selling it to any one, without the consent in writing of his four associates. By the terms of the contract, each appears to be the owner of a water-right in German Gulch and its tributaries, and he binds himself under the penalty of ten thousand dollars, as " agreed and liquidated damages," not to sell to certain parties, " or any other person or persons who may be now or hereafter endeavoring to obtain the possession of the said water-rights." Each binds himself, his heirs and legal representatives, in said penal sum of ten thousand dollars, to comply with said agreement not to sell at all, except by

the written consent of the others. If any one of them, or his legal representative, should refuse to give his consent in writing, it would tie up the sale of the water-rights of the others forever. Such a contract is certainly against public policy. And especially is this the case in a' country like this, in which water is necessary for so many industrial pursuits. This is analogous to contracts which are in restraint of trade. They are against public policy, and void. In general, covenants which are contrary to public policy are void. *Bier* v. *Dozier*, 24 Gratt. 1.

A covenant in restraint of trade generally will not be supported, although founded on a good consideration. *Callahan* v. *Donnolly*, 45 Cal. 152; *Maier* v. *Homan*, 4 Daly, 168; *Oregon Steam Nav. Co.* v. *Winsor*, 20 Wall. 64. It is true that a covenant not to trade in a particular place, and for a particular time, is good. *Perkins* v. *Clay*, 54 N. H. 518; *Pierce* v. *Fuller*, 8 Mass. 225.

The counsel for the plaintiff insists that " the portion of the contract that might be contrary to public policy, or in restraint of trade, is mere surplusage, and can be treated as such by the court in its construction thereof." He seeks to have the court strike from the contract the provisions which prohibit the sale of the property to any one whatever, and thus limit the prohibition to the sale to Williams and Smith, and to strike from the contract the parts which bind the heirs and legal representatives of the parties, and thus limit the restraining part of the contract to the lives of the parties themselves. These are substantial parts of the contract, put into it by the parties themselves, and create an unlimited prohibition upon the sale of the property involved, upon a contingency that may never happen. The court does not make contracts, but interprets them as it finds them.

2. This contract is void upon another ground. It imposes a restraint and condition upon compromises or settlements of litigation and disputes, which are favored

by law. "The courts, being established to conserve the law, good morals, and the due order of society, cannot lend their aid to parties conspiring to impede these objects." Bishop on Contracts, sec. 59. "To settle or avoid litigation is an object of value." Bishop on Contracts, sec. 57.

This contract binds each one of the parties thereto not to make any "settlement or compromise with said parties" (meaning Williams and Smith), or any other person or persons who may be now or hereafter endeavoring to obtain the possession of the said water-rights, without the written consent of the other parties, — a contingency that may never happen. And having thus fortified themselves against the peaceful settlement of an anticipated lawsuit, they prepare for war, by entering into a solemn compact that they "will join together, and make common cause, in defense of their common and several interests, in any contest or action at law which may arise in reference to the said water and water-rights and placer-mining ground." Such a contract is obviously against public policy.

Counsel for the appellant cities the case of *Hoffman* v. *Vallejo*, 45 Cal. 564, as authority for the position that a contract is not void for the reason that it provides that "no settlement or compromise of the matter aforesaid shall be made without the consent of the parties of the second part, in writing." But the principle there settled is not applicable to the facts of this case. In that case a contract existed between the parties as to land, which made the plaintiff the equitable owner of a half-interest therein. Hence the other party might well be bound not to compromise or settle without violating any rule of public policy. But in the case at bar the interests which the parties attempt to pool are separate and distinct, and the effect of the contract is to bind each party not to settle his lawsuit without the written consent of

the others, who may have similar suits, or suits involving similar interests. The law is a peacemaker, and will not recognize any contract which will not leave any litigant free to compromise and settle his suit if he chooses so to do.

It is not necessary to notice the other grounds of demurrer, as those already passed upon are decisive of the case.

Let the judgment of the court below be affirmed, with costs.

*Judgment affirmed.*

McLEARY, J., and BACH, J., concur.