[L. A. No. 588. Department Two.—May 18, 1899.]

MERCHANTS' AD-SIGN COMPANY, Appellant, v. THOMAS M. STERLING, Respondent.

Goodwill — Trading Corporation—Invalid Agreement by Vendor of Stock—Restraint of Trade.—The vendor of stock in a trading corporation has no vendible interest in the goodwill of the business, and cannot transfer such goodwill; and an agreement by such vendor not to engage in a similar business in the city where the business of the corporation is carried on so long as the vendee or his successor in interest should carry on a like business therein, not being within any statutory exception, is void, as being in restraint of trade, and cannot be enforced.

Id.—Liberal Construction of Code Provisions—Permitted Exceptions. The rule of liberal construction to be given to the code provisions as to contracts accompanying sales of goodwill is in aid of agreements falling within the permitted exceptions of the code as to contracts in restraint of trade, and does not apply to cases not falling within those exceptions.

Id.—Estoppel of Vendor—Knowledge of Vendee — Presumption.— The vendee must be presumed to have known that the vendor

had no vendible interest in the goodwill of the corporation, and the vendor is not estopped from denying the existence of such interest.

ID.—MAXIM—VOID CONTRACT—INJUNCTION.—The maxim *ex turpi causa non oritur actio* applies to prevent an action to enforce a void contract in restraint of trade by injunction to restrain the defendant from engaging in business contrary to the terms of such void contract.

APPEAL from a judgment of the Superior Court of Los Angeles County.    M. T. Allen, Judge.

The facts are stated in the opinion.

Fuller & Burnett, for Appellant.

Davis & Rush, for Respondent.

CHIPMAN, C.—Injunction to restrain defendant from engaging in the business of advertising.    It is alleged that plaintiff is a corporation engaged in the business of bill posting and other methods of advertising in the city and county of Los Angeles; that about August 20, 1896, defendant owned eighty shares of the capital stock of plaintiff company, and was actively engaged in the management of plaintiff's said business; about September 15, 1896, he transferred without consideration sixty of said eighty shares to his wife in trust for himself and his sole use and benefit, and for the purpose of concealing the true ownership of said sixty shares; on August 12, 1897, he sold, by written contract, for a good and valuable consideration, to one Wilshire "all his interest, direct and indirect, in the plaintiff, and his interest in the goodwill of the business of plaintiff, and said defendant in said contract, for a good and valuable consideration to him in hand paid by said Wilshire, agreed to and with said Wilshire that he would not conduct, nor assist in the conduct of, bill posting in said city of Los Angeles so long as said Wilshire, or any person deriving title to said goodwill from him, should carry on a like business therein"; on January 20, 1898, Wilshire transferred the contract of August 12th to plaintiff.    The complaint then alleges the formation of the Los Angeles Bill Posting Company, a corporation, about January 17, 1898, in said city and county, its business in part being similar to that of plaintiff's, and that since said date it

has been so engaged; that defendant, in violation of his said agreement, helped to form the Los Angeles Bill Posting Company, and became a stockholder therein and conducted, and assisted to conduct, its business, and is its principal manager, and said company has thereby been enabled to enter, and has so entered, into successful competition with plaintiff in the bill posting business in said city, and that without the services of defendant said company could not have been able successfully to compete with plaintiff in its said business.   Plaintiff seeks damages and to restrain defendant from conducting or assisting in conducting the business of the Los Angeles Bill Posting Company.   A demurrer to the complaint for insufficiency of facts and for ambiguity and uncertainty was sustained, and the court gave judgment for defendant without leave to amend, from which this appeal is prosecuted.   Respondent has filed no brief.

The principal question presented by appellant is as to the validity of the contract between defendant and Wilshire.   The allegation of the complaint is that defendant sold his interest in the goodwill of the business of plaintiff corporation, in consideration of which he agreed not to conduct or assist in conducting the business of bill posting in which plaintiff was engaged.

There is no allegation that defendant had any interest in such goodwill, unless from the ownership of certain shares of the corporation it may be so inferred.

Section 1673 of the Civil Code reads as follows: "Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent void."   Section 1674 of the Civil Code provides as follows: "One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or part thereof, so long as the buyer, or any person deriving title to the goodwill from him, carries on a like business therein."   Section 992 of the Civil Code defines the goodwill of a business to be "the expectation of continued public patronage," and "is property transferable like any other property"; section 993 of the Civil Code.   "One who sells the goodwill of a

business thereby warrants that he will not endeavor to draw off any of the customers"; section 1776 of the Civil Code. "A partner, as such, has not authority to do any of the following acts, unless the copartners have wholly abandoned the business to him, or are incapable of acting; . . . . 2. To dispose of the goodwill of the business"; section 2430 of the Civil Code. But "partners may, upon or in anticipation of a dissolution of the partnership, agree that none of them will carry on a similar business within the same city or town where the partnership business has been transacted, or within a specified part thereof." (Code Civ. Proc., sec. 1675.) . These constitute all the statutory provisions upon the subject of goodwill and restraint of trade which bear upon the question.

It is conceded by appellant, what is obviously true, that a stockholder cannot transfer the goodwill of the corporation. In the case of *Spring Valley Water Works v. Schottler*, 62 Cal. 69, 118, it was said: "It is contended that goodwill enters into and forms an element in the value of the shares of stock. No case has been produced to us, nor have we been able to find any, holding or even intimating that this is so. We find no such element of value in the least hinted at by anyone who has written on the subject, nor has any such been called to our attention. We cannot recognize any such element as giving value to shares in a trading corporation. It would be strange to predicate goodwill as pertaining to or extending to an abstraction, to an 'artificial being, invisible, intangible, and existing only in contemplation of law.' " Apparently conceding the correctness of these views, counsel for appellant insist that "where a stockholder has been actively engaged in the management of the business of the corporation he surely has the privilege of increasing the vendibility of his stock by being able to agree with the buyer that he will refrain from carrying on a similar business to that heretofore engaged in by himself and the corporation which he managed, of course within the time and territorial limits allowed by the code." We are cited to the following well-considered and instructive cases as showing that the statute should be given a liberal construction: *Brown v. Kling*, 101 Cal. 295; *City Carpet Works v. Jones*, 102 Cal. 506; *Meyers v. Merillion*, 118 Cal. 352. In the case now before

us, there seems to be no room for construction. Defendant, as a stockholder, did not and could not transfer the goodwill of the corporation, assuming, what we do not consider it necessary to decide, that goodwill, as property, pertains to a corporation. The element of goodwill, therefore, is not present in the transaction. The statute says that "one who sells the goodwill of a business may agree," et cetera; but the statute also says that "every contract by which one is restrained from exercising a lawful . . . . business ·of any kind, otherwise than is provided by the next two sections [in which the above provision. is stated], is to that extent void."

Reading the sections 1673 and 1674 together, they may be briefly paraphrased as follows: Every contract by which anyone is restrained from exercising a lawful business is to that extent void, except where he has sold the goodwill of a business, in which case, as to that or similar business, he may agree not to engage therein so long as the buyer carries on a like business within specified limits. It is not a question whether the holder of shares of a corporation should be permitted. to enhance their vendibility by agreeing to abstain from carrying on business similar to that of the corporation, within the limitations prescribed; but it is a question whether such an agreement is not by law declared to be void. We are pointed to *City Carpet Works v. Jones, supra,* where it was said that "the code introduces no new principles; it simply eliminates from the controversy arising upon such restrictions the question as to what is a reasonable territorial limit." And so we are told that the code commissioner's note shows that this one question of territorial restriction is the only departure from common-law principles sought to be effected by the code provisions. We think the code provision was intended to and in fact went further than is here suggested. In *Vulcan Powder Co. v. Hercules Powder Co.*, 96 Cal. 510, 31 Am. St. Rep. 242, the rule at common law, even as finally relaxed and applied, was said to be "uncertain, and led to much perplexing legislation; and the law upon the subject in this state is now declared in section 1673 of the Civil Code." Referring to the next two sections, it was said that they merely provide that "one who sells the goodwill of a business may agree not to carry on a similar busi-

ness within a specified county or city; and that in anticipation of a dissolution of a partnership, a partner may agree not to carry on a similar business within the city or county where the partnership business is transacted." These latter sections were held not to apply because the case did not fall within either one of the exceptions—*i. e.*, being the sale of a business and its goodwill or a dissolution of a partnership. The case was determined wholly under section 1673. The contract there involved was held to be void as in restraint of trade. The cases cited by appellant from our reports and other cases not cited where these sections have been referred to are cases where the business and goodwill were sold, and the liberal construction given the sections was in aid of agreements coming within the exceptions of and permitted to be made by the code.

It seems to me that the only question here is, as it was in the Vulcan Powder Company case, Was the contract in restraint of trade?

The language of the code is unmistakable: "Every contract by which one [*i. e.*, any person] is restrained from exercising a lawful . . . . business of any kind . . . . is to that extent void." The allegation is, that defendant agreed not to engage in the business of bill posting, which is a lawful business. This was an agreement in restraint of trade, and therefore void.

2. But it is said that defendant, having represented by his conduct that he had such an interest in the business and goodwill of plaintiff as would support the restraining covenant, and having accepted a valuable consideration therefor, he is now estopped from denying the existence of such interest. (Citing *Potter v. Ahrens,* 110 Cal. 674.) In the case cited, the contract purported to dispose of the business and goodwill of manufacturing and vending certain articles of merchandise. No question arose as to the right of the parties to dispose of the goodwill. Being clothed with ownership and power to sell, the defendants were clearly estopped to deny their interest in what they purported to sell. In the case here, however, it is conceded that defendant could not dispose of the goodwill of the corporation. Defendant had no vendible interest in that goodwill within his disposition, and this the plaintiff must be presumed to have known, and defendant is, therefore, not es-

topped. The contract being void as in restraint of trade, and it so appearing from the face of the complaint, the defense is available on demurrer. The maxim, *ex turpi causa non oritur actio,* applies.

It is advised that the judgment should be affirmed.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          McFarland, J., Temple, J., Henshaw, J.