[Civ. No. 2322. First Appellate District.—February 19, 1918.]

## J. C. DOWNEY, Appellant, v. I. L. CAVASSO, Respondent.

PLEADING—DAMAGES FOR BREACH OF CONTRACT—THEORY OF CAUSE OF ACTION—UNCERTAINTY OF COMPLAINT.—In an action for damages for breach of contract, where it could not be ascertained from the complaint, with any degree of certainty, whether the plaintiff's cause of action proceeded upon the theory that the contract in controversy was made by and between the plaintiff and defendant as members of an existing corporation which was about to be dissolved or whether it was made some ten months subsequent to the dissolution of the copartnership between plaintiff and defendant, and at a time when the defendant was retiring as a stockholder of the corporation which was created for the purpose of absorbing and conducting the business of the copartnership, the demurrer was properly sustained for uncertainty.

APPEAL from a judgment of the Superior Court of Alameda County.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Edward R. Eliassen, for Appellant.

M. J. Rutherford, for Respondent.

LENNON, P. J.—This is an appeal from a judgment entered in favor of the defendant after an order sustaining a demurrer to the plaintiff's second amended complaint without leave to further amend.

The demurrer was grounded upon the sufficiency of the facts stated to constitute a cause of action and the uncertainty and unintelligibility of the averments of the complaint.

The plaintiff's complaint, when disentangled, discloses that the gist of the plaintiff's grievance arises out of a set of facts which, concretely stated and in the order in which they are rightly related, are these: On and for some time prior to the second day of January, 1913, the plaintiff and defendant were copartners, doing business in the city of Oakland under the firm name of the "Downey-Cavasso Glass & Paint Co." On that date, the plaintiff and defendant caused to be created, out of the assets of, and for the purpose of enhancing the conduct of, the business of the copartnership, a corporation under the former firm name.   All of the issued corporate capital stock, save one share reserved for the purpose of qualifying the necessary third member of the corporation, was owned and held in equal shares by the plaintiff and defendant until October 31, 1914, when the defendant sold all of his stock in the corporation to the plaintiff for a consideration which, in part, was the promise and agreement of the. defendant, expressed in writing, that he would not, for a period of five years thereafter, engage in business in the city of Oakland in competition with either the plaintiff or the corporation.   This agreement was violated by the defendant .to the plaintiff's alleged damage in the sum of one thousand dollars.   The prayer of the complaint was for judgment in that amount and for injunctive relief.

The complaint is, beyond doubt, unintelligible in its purported statement of a cause of action, because it cannot be

ascertained therefrom, with any degree of certainty, whether the plaintiff's cause of action proceeded upon the theory that the contract in controversy was made by and between the plaintiff and the defendant as members of an existing corporation which was about to be dissolved, or whether it was made some ten months subsequent to the dissolution of the copartnership and at a time when the defendant was retiring as a stockholder of the corporation which was created for the purpose of absorbing and conducting the business of the copartnership.

Upon this ground alone the demurrer was well taken and rightly sustained, even though the complaint somewhere within its averments hazily hints at a cause of action upon the theory contended for by counsel for the plaintiff, viz.: That the plaintiff and defendant by agreement between themselves, at the time of and subsequent to the creation of the corporation, continued and sustained toward one another the relation of copartners and that, as a consequence, the contract in suit, even though made at the time of or after the corporate absorption of the copartnership assets, is not controlled by the statutory inhibition of section 1673 of the Civil Code against contracts in restraint of trade, but falls within the exception thereto provided by section 1675 of the same code, which declares that "Partners may, upon or in anticipation of a dissolution of the partnership, agree that none of them will carry on a similar business within the same city or town where the partnership business has been transacted, or within a specified part thereof."

Perhaps if it had unequivocally appeared from the allegations of the complaint that the plaintiff and defendant had, by agreement, express or implied, continued their relations as copartners in conjunction with their relation as stockholders of the corporation, the law would take cognizance of such dual relationship and deal with "the parties in the light of their agreement, independently of their incorporation" (*Shorb* v. *Beaudry,* 56 Cal. 446), and if, in fact, such had been the relationship of the parties, to plead it with perspicuity would, it seems to us, have been a very simple matter.

The judgment is affirmed.

Beasly, J., *pro tem.,* and Kerrigan, J., concurred.