[Civ. No. 2646.   First Appellate District, Division One.—April 1, 1919.]

I. L. CAVASSO, Respondent, v. J. C. DOWNEY, Appellant.

[1] PROMISSORY NOTE—CONSIDERATION—ACTION AGAINST MAKER—VIO-
LATION OF COVENANT RUNNING TO THIRD PARTY.—In an action on
a promissory note executed by the defendant to the plaintiff as part
consideration for plaintiff's interest in a certain corporation as
represented by certain shares of stock held by him therein, which
was purchased by defendant under an agreement whereby plaintiff
bound himself not to engage in any business in competition with
such corporation for a period of five years, plaintiff's violation of
such clause was not a matter which could be made the subject of
a cross-complaint by the defendant.

APPEAL from a judgment of the Superior Court of Ala-
meda County.   Wm. M. Conley, Judge Presiding.   Affirmed.

The facts are stated in the opinion of the court.

Edward R. Eliassen for Appellant.

M. J. Rutherford for Respondent.

RICHARDS, J.—This is an appeal from a judgment in
favor of plaintiff for the sum of one thousand dollars, with
interest and costs of suit, in an action to recover upon a prom-
issory note executed by the defendant to the plaintiff for
said sum.   The defendant in his answer admitted the exe-
cution of the note, but denied that the same had not been
paid.   He further averred that the consideration of the note
had failed.   He then proceeded to aver that the said plaintiff
and himself had for some time prior to the making of said
note been engaged in business as partners under the firm name
of Downey-Cavasso Glass and Paint Co., doing business in
the city of Oakland; that on or about October 31, 1914, the
plaintiff had sold all of his right, title, and interest in said
business and the goodwill thereof to the defendant upon the
express understanding and agreement that the said plaintiff
would not engage in any business in competition with the said
defendant within the city of Oakland for the period of five
years; that the making of such agreement was part considera-
tion for the purchase by the defendant of the plaintiff's in-

terest in said firm and for the execution of said promissory note as a portion of the purchase price thereof; that in violation of said agreement the said plaintiff did engage in the same kind of business within said city of Oakland in competition with the said defendant, which acts on his part were fraudulent, and worked a failure of consideration for the note sued upon in this action. The defendant also presents the same facts in a cross-complaint, wherein he prays for an injunction preventing the plaintiff from continuing in business in competition with the cross-complainant, and for a decree requiring said plaintiff to deliver up said note for cancellation. The defendant has also a so-called cross-complaint for the recovery from plaintiff of the sum of $603.98 upon an assigned claim.

Upon the trial of the cause, evidence was presented before the court showing that for some time prior to the thirteenth day of January, 1913, the plaintiff and the defendant had been copartners conducting a glass and paint business in the city of Oakland under the firm name of Downey-Cavasso Glass and Paint Company; but that on or about the last-named date a corporation had been formed by them with the same name and to which corporation they proceeded to transfer their and each of their interest in said business and in all of the properties thereof, each receiving therefor 380 shares of the capital stock of said corporation; that said corporation took over said business, and from time to time during the next year and a half or more held occasional directors' meetings in respect to the affairs of the business; that in the month of October, 1914, the plaintiff and the defendant entered into a written agreement by the terms of which it was recited that the parties thereto were stockholders in the aforesaid corporation, and that defendant was desirous of buying and the plaintiff of selling all of the latter's interest in the business thereof. It was therefore agreed that the defendant was to pay the sum of six thousand dollars for all of the interest of the plaintiff in the said corporation and business, "the said interest being represented by 380 shares of the capital stock of said corporation," which the plaintiff agreed for said consideration to transfer to the defendant. The note in question was a part of said consideration. The closing clause in said agreement reads as follows: "It is further agreed by and between the parties hereto that the said party

of the second part [plaintiff herein] will not engage in any business in competition with the Downey-Cavasso Glass and Paint Company for a period of five years from the date hereof.'' It further appeared upon the trial that a short time after the execution of said agreement the plaintiff did engage in business in the city of Oakland and in direct competition with said Downey-Cavasso Glass and Paint Company. The trial court decided upon the whole evidence presented that the copartnership which had previously existed between the parties had been merged in the corporation formed in the month of January, 1913, and that the relation of copartners in respect to the business then taken over by such corporation did not continue thereafter, and that the transaction between the parties in October, 1914, was one in which the defendant purchased the stock of the plaintiff in said corporation, giving among other things the note in question as a part of the consideration therefor. We are satisfied from a reading of the record that the evidence fully justifies the findings of the court in this regard. The court further found that the plaintiff did embark in business in the city of Oakland in competition with the said corporation, but not in competition with the defendant, who, since the organization of said corporation had not been engaged in such business on his own account. The court also upon sufficient evidence found against the defendant on his cross-complaint, and accordingly rendered judgment in the plaintiff's favor.

[1] We find no error in the court's conclusions with respect to these matters. The evidence, as we have seen, justified the finding of the trial court that the partnership between the parties hereto ceased when the corporation was organized, and also justifies the finding that the transaction between the parties was one for the purchase by the defendant of the plaintiff's interest in said corporation as represented by the 380 shares of stock held by him therein. If these findings be upheld, it follows necessarily that the plaintiff's violation of the clause in said agreement by which he bound himself not to engage in business in competition with the Downey-Cavasso Glass and Paint Company, a corporation, was a matter which could not be made the subject of a cross-complaint by the defendant in this action. This conclusion assumes the validity of the clause in question as an agreement in restraint of trade. It is urged by the respond-

ent that this part of the agreement, not being by its terms limited as to the territory embraced in its operation, is void as contrary to the provisions of sections 1673 and 1674 of the Civil Code, citing *Callahan* v. *Donnolly*, 45 Cal. 152, [13 Am. Rep. 172], as authority for such contention. We do not, however, deem it necessary to dispose of this contention in view of our conclusions upon the other phases of the case.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.