[Civ. No. 3228. First Appellate District, Division One.—February 5, 1920.]

## I. L. CAVASSO, Appellant, v. J. C. DOWNEY, Respondent.

[1] CONTRACTS—SALE OF INTEREST IN BUSINESS—EXISTENCE OF PARTNERSHIP — EVIDENCE — FINDINGS.—In this action to recover upon three promissory notes executed by defendant to plaintiff as part consideration for the transfer by plaintiff to defendant of the former's interest in the business conducted by them, in which action the defendant pleaded failure of consideration based upon an alleged breach by plaintiff of an agreement not to engage in business in competition with defendant, there was no evidence to support the court's findings that the partnership between plaintiff and defendant continued to exist at the time of said transaction, notwithstanding the prior formation of a corporation bearing the same name, and that the sale of plaintiff's interest was in

reality a sale of a partnership interest, made in contemplation of a dissolution of the partnership.

[2] ID.—CONTRACT IN RESTRAINT OF TRADE—SALE OF CORPORATE STOCK —AGREEMENT NOT TO ENGAGE IN COMPETITIVE BUSINESS VOID.—An agreement by one stockholder of a corporation with another not to engage in a competitive business in a given city for five years, entered into by said parties in connection with the sale and transfer to the latter of the former's stock and interest in said corporation and business, is void.

APPEAL from a judgment of the Superior Court of Alameda County. Milton T. Farmer, Judge. Reversed.

The facts are stated in the opinion of the court.

M. J. Rutherford and Jesse Robinson for Appellant.

Edward R. Eliassen and Henry G. Tardy for Respondent.

WASTE, P. J.—Plaintiff brought this action seeking to recover upon three promissory notes for one thousand dollars each. Judgment was entered for the defendant, and the plaintiff appeals.

The defendant, by failure to deny, admitted the execution of the notes, denied that they have not been paid, and averred a failure of consideration therefor. He further alleged that the notes were procured by plaintiff through fraud and deceit. In this connection defendant averred, and the lower court found, that for some time prior to the making of the notes plaintiff and defendant were engaged in the manufacture, buying, and selling paints, glass, oils, and other merchandise, as copartners, under the firm name and designation, ''Downey-Cavasso Glass and Paint Company,'' with a place of business in the city of Oakland, and that they continued to engage in and conduct said business under that name, and as such copartners, until October 31, 1914, the date of the notes sued upon; that on that date the plaintiff sold to defendant all his right, title, and interest in the business, and the goodwill thereof, to defendant, and that defendant purchased the same from

2. Validity of contract by selling shareholder not to engage in business in competition with corporation, note, 23 L. R. A. (N. S.) 506.

the plaintiff, relying upon the representation and distinct promise of plaintiff, and upon the consideration that plaintiff would not engage in any business in competition with the defendant in the city of Oakland for five years, and that as part consideration for the purchase of the rights of plaintiff in and to the business, as aforesaid, defendant executed a promissory note for three thousand dollars, which was afterward divided into three notes of one thousand dollars each, the notes sued upon in this action; that after obtaining the said promissory notes from defendant, and in violation of defendant's rights, and of the express agreement on his part, plaintiff did open a store and place of business in the city of Oakland, where plaintiff is now engaged in competition with defendant, under the name of "Cavasso Paint Company," in the same line of business as that carried on by defendant.

In addition to the foregoing facts, which were alleged and found, the trial court also found that the copartnership between plaintiff and defendant "continued in name as such until January, 1913, when they [plaintiff and defendant] formed a corporation under the same trade name as before; that all of the shares of stock in the corporation, that were issued, were issued to themselves equally, excepting one share which was issued and delivered to the bookkeeper in order to qualify him as a director; that thereafter said plaintiff and defendant continued to conduct the said business as before, in all essential and substantial ways; . . . that on or about the thirty-first day of October, 1914, the plaintiff sold 'all his interest in and to the said business' to the defendant on the following terms: One (1) Mack Automobile truck valued at about two thousand dollars; four thousand dollars in two promissory notes of one thousand dollars and three thousand dollars each. Later the three thousand dollar note was divided into three notes of one thousand dollars each, which are the notes involved in the above-entitled action and on which the present action is brought; that, at or about said time, the said plaintiff transferred three hundred and eighty (380) shares of stock in the said corporation to the defendant, together with all of his interest in and to said business, and covenanted as follows: 'It is further agreed . . . that the said party of the second part [Cavasso] will not engage in any business in competition

with the Downey-Cavasso Glass & Paint Company for a period of five (5) years from the date hereof'; that despite the incorporation of the aforesaid business of the Downey-Cavasso Glass & Paint Company, the said plaintiff and defendant were copartners, as between themselves, owning the entire issued capital stock . . . when the plaintiff sold out to the defendant, and that the said sale by Cavasso to Downey of his one-half (or 380) shares of the capital stock of the corporation, was made by said Cavasso as a copartner of said Downey upon, or in anticipation of, the dissolution of the said copartnership." The lower court also found that the defendant continued the business of the Downey-Cavasso Glass and Paint Company after the purchase of plaintiff's alleged interest therein.

From the foregoing facts the court legally concluded that there was an entire want of consideration for the promissory notes, and that plaintiff was not entitled to recover. Judgment for the defendant was entered accordingly; hence this appeal.

This is the third time the parties to the foregoing transaction have been before this court. In the first instance the defendant here, as plaintiff, sought damages, and prayed for injunctive relief against this plaintiff, for alleged violation of the agreement not to again engage in business. In affirming the judgment of the lower court, entered after an order sustaining a demurrer to the amended complaint, the court said: "If it had unequivocally appeared from the allegations of the complaint that the plaintiff and defendant had, by agreement, express or implied, continued their relations as copartners in conjunction with their relation as stockholders of the corporation, the law would take cognizance of such dual relationship and deal with 'the parties in the light of their agreement, independently of their incorporation' (*Shorb* v. *Beaudry*, 56 Cal. 446), and if, in fact, such had been the relationship of the parties, to plead it with perspicuity would, it seems to us, have been a very simple matter." (*Downey* v. *Cavasso*, 36 Cal. App. 316–318, [171 Pac. 1077].)

The next controversy arising out of this transaction to engage the attention of this court was an appeal, by the defendant here, from a judgment in favor of this same plaintiff, for the sum of one thousand dollars with interest.

and costs of suit, in an action to recover on the promissory note for that amount, given by the defendant here as part of the purchase price for the interest of the plaintiff in the Downey-Cavasso Glass & Paint Company, which note is referred to in the findings in this action, before quoted. In that case the trial court decided upon the whole evidence presented, that the copartnership which had previously existed between the parties had been merged in the corporation formed in the month of January, 1913, and that the relation of copartners in respect to the business then taken over by such corporation did not continue thereafter, and that the transaction between the partners in October, 1914, was one in which the defendant purchased the stock of the plaintiff in said corporation, giving, among other things, the note there sued upon as a part of the consideration therefor. The lower court further found, that in that case the plaintiff did embark in business in the city of Oakland in competition with the corporation, but not in competition with the defendant, who, after the organization of the corporation, had not engaged in such business on his own account. We were satisfied, from a reading of the record, that the evidence fully justified the findings of the court in that regard, and affirmed the judgment. (*Cavasso* v. *Downey,* 40 Cal. App. 521, [180 Pac. 950].) In doing so, we followed the decisions holding that where one sells his stock in a corporation, and enters into an agreement with the purchaser not to again engage in business, such contract is void under the provisions of sections 1673 and 1674 of the Civil Code, and cannot be enforced. (*Dodge Stationery Co.* v. *Dodge,* 145 Cal. 380, 386, [78 Pac. 879]; *Merchants' Ad-Sign Co.* v. *Sterling,* 124 Cal. 429, 432, [71 Am. St. Rep. 94, 46 L. R. A. 142, 57 Pac. 468]; *Chamberlain* v. *Augustine,* 172 Cal. 285, [156 Pac. 479].)

It is apparent that the appellant has now attempted, by pleading and proofs, to make his actions conform to the decision, on the first appeal, and has sought, in like manner, to escape from the results which must follow, if the facts subject his case to the application of the law followed by us in the second instance.

[1] We will first consider appellant's contention that the evidence is not sufficient to support the finding that the partnership between Cavasso and Downey continued to exist

after the formation of the corporation, and that the sale of Cavasso's interest in the business to Downey was, in reality, a sale of a partnership interest, made in contemplation of a dissolution of the copartnership. The conclusion reached on this point practically amounts to the decision of the whole case.

Respondent relies upon the showing that the copartnership and the corporation bore the same name; that plaintiff and defendant owned all the issued shares of stock, except one; that, after incorporation, according to defendant's testimony, business was conducted in the same manner as before, the plaintiff and the defendant still considering themselves partners in the business. On the part of plaintiff, it appears that immediately after the incorporation of the Downey-Cavasso Glass and Paint Company, a stockholders' meeting was held, directors elected, a code of by-laws adopted and ordered engrossed. The directors thereupon duly organized by the election of Downey as president, Cavasso as vice-president, and Schuler (the bookkeeper) as secretary. The by-laws were approved and subscribed. The place of business of the corporation was fixed. A corporate seal was procured. Certificates of stock were prepared. The president, or vice-president, and secretary were, by proper resolution, authorized to sign and indorse checks and drafts on behalf of the corporation. The firm of J. C. Downey and I. L. Cavasso, copartners, doing business under the firm name and style of Downey-Cavasso Glass and Paint Company, executed a bill of sale transferring to the corporation everything appertaining to the business, theretofore carried on by it, in consideration for which transfer the corporation issued to Downey and to Cavasso, each, 380 shares of its capital stock, certificates for which were delivered. At the same time the corporation, by action of the directors, directed the sale of two hundred shares of its stock, at the par value of one hundred dollars, in order to secure "capital to enlarge its capacity and liquidate some of its outstanding indebtedness." This stock Downey attempted to sell. The minutes of a number of directors' meetings appear in the record, from which it appears that the borrowing of money, approval of contracts, election of directors, and secretaries and other matters, were acted upon in corporate capacity. The corporation gave its notes for the

payment of money obtained from banks. Downey and Cav-
asso each received a salary from the corporation after
its organization, which was fixed, according to plaintiff's
testimony, by Downey and himself, acting "as a majority
of the board of directors."

From a careful scrutiny of the entire record, from which
the foregoing recital of the evidence is drawn, we are un-
able to discover the "conflict in the testimony" relied upon
by respondent to support the finding of the court that the
partnership between appellant and respondent continued
after the formation of the corporation. Respondent's con-
clusion in the matter, as testified to by him, is not sufficient
to offset the positive showing to the contrary, and is in-
competent to raise an issue, or present a conflict in the testi-
mony. There was no other evidence which has that effect.
Neither does the evidence lend weight to the contention of
respondent that, "as between themselves," appellant and
he were partners, nor does it bring the facts within the rule
referred to in *Downey* v. *Cavasso, supra,* to the effect that
if the appellant and respondent had, by agreement, con-
tinued their relations as copartners, in conjunction with
their relation as stockholders of the corporation, the law
would take cognizance of such dual relation, and deal with
the parties independently of their incorporation. If such
an agreement ever existed it was not alleged or proved.

In the absence of such an agreement, we find nothing in the
actions, or relations of the parties, bringing the case within
the rule of the authorities cited by respondent, to the effect
that the copartnership should be regarded as continuing.
A number of the cases cited deal with the rights of third
parties under such circumstances, and have no bearing in
the instant case. The other authorities can be differentiated.
In *Shorb* v. *Beaudry,* 56 Cal. 446, 450, the corporation
incurred no liability, did not participate in the profits
of the business, no certificates of stock were issued, nor was
it contemplated that any ever should be. A similar state
of facts existed in *Watkins* v. *Delahanty,* 133 App. Div. 422,
[117 N. Y. Supp. 885], where it was held that the previously
existing partnership was not terminated by the organiza-
tion of the corporation, and the transfer to it of the partner-
ship assets, in view of the fact that the stocks and bonds
of the corporation were not distributed to the respective

parties, as their interests appeared, the corporation being formed merely for the purpose of financing certain partnership affairs.

What we have already said, in our judgment, determines the effect of the contract between the parties. In confirmation of our conclusion in that regard we are of the opinion that the parties themselves, by the language used in the written agreement, made nearly two years after the formation of the corporation, concluded argument concerning the exact nature of that transaction. The consideration passing from the defendant to plaintiff is recited to be "in full payment of all the interest of the said party of the second part [Cavasso] in the said corporation and business known as Downey-Cavasso Glass and Paint Company, a corporation, the said interest being represented by 380 shares of the capital stock of the said corporation, and being represented by one certificate, No. 5." In fact, the conduct of the parties throughout is inconsistent with the continuance of the copartnership, and reconciliable with appellant's claim that it was, in fact, terminated and merged into the corporation.

The trial court's finding to the contrary is unsupported by the evidence. [2] The sale not being one in anticipation of the dissolution of the copartnership, but being merely the sale by one stockholder to another of his interest in the corporation, accomplished by the transfer of his shares of stock, the agreement not again to engage in business was void for the reasons given in the authorities already cited. (*Cavasso* v. *Downey, supra; Chamberlain* v. *Augustine, supra; Dodge Stationery Co.* v. *Dodge, supra; Merchants Ad-Sign Co.* v. *Sterling, supra.*)

In view of these conclusions the other points suggested by the appeal do not require consideration.

The judgment is reversed.

Knight, J., *pro tem.*, and Richards, J., concurred.