[Civ. No. 40924. Second Dist., Div. Four. July 12, 1973.]

RADIANT INDUSTRIES, INC., Plaintiff and Appellant, v.
CLIFFORD D. SKIRVIN et al., Defendants and Respondents.

## COUNSEL

Macdonald, Halsted & Laybourne, Robert W. MacMahon and Kenneth C. Bornholdt for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

## OPINION

**KINGSLEY, J.**—This is an appeal from an order of the superior court, in an action to enforce a covenant not to compete, which order modified, favorably to defendants, a preliminary injunction theretofore issued. We affirm the order.

Defendant Skirvin and Alfred T. Schmidt were the original organizers of Radiant Industries and their technical skills were responsible for the development of the products which it manufactured and sold. In 1968 the business was incorporated, Skirvin and Schmidt each receiving 500,000 shares of stock; about 16,000 shares were sold to others. Skirvin was an officer and director of the corporation. Late in 1968, 20th Century Engineering Corporation (hereinafter 20th Century) entered into an arrangement whereby Skirvin and Schmidt each exchanged 410,000 of their shares of stock for stock in 20th Century. As an integral part of that arrangement, Skirvin and Schmidt entered into an employment contract with Radiant and each entered into a covenant not to compete with Radiant until January 1, 1974. Subsequently, 20th Century merged with plaintiff corporation, Skirvin and Schmidt receiving the appropriate num-

ber of shares in the new corporation for their 20th Century shares. On May 23, 1970, Skirvin's employment by plaintiff under the employment contract was terminated by mutual consent, although Skirvin remained as an officer and director of plaintiff until March 1971. In the termination agreement the covenant not to compete was restated with exceptions as to certain products not herein involved.

The present action, filed on February 4, 1972, alleged that Skirvin, and the codefendant Skirvin Development Corporation as his *alter ego,* were breaching the covenant and prayed for an injunction and damages. A preliminary injunction issued as prayed but, on defendants' motion, it was modified so as to allow Skirvin and his corporation to compete despite violation of the covenant.

The modification was based on the expressed determination by the trial court that the covenant was unenforceable under section 16600 of the Business and Professions Code, not being within the exception to the general prohibition set forth in section 16601.[1] We agree.

For many years the decisional law in California held that the sale of corporate stock would not support a covenant by the seller not to compete since a sale of the stock did not carry with it a transfer of the good will of the corporation. (*Merchants' Ad-Sign Co.* v. *Sterling* (1899) 124 Cal. 429 [57 P. 468]; *Cavasso* v. *Downey* (1920) 45 Cal.App. 780 [188 P. 594].) In 1945, the Legislature amended section 1674 of the Civil Code (the forerunner of present § 16601 of the Bus. & Prof. Code), so as to permit covenants not to compete where a stockholder sold *all* of his corporate shares.[2] In 1963, section 16601 was further amended[3] to permit such a covenant by a shareholder of a corporation which sold "all or substantially all of its operating assets" or "all or substantially all of the operating assets of a division or a subsidiary."[4]

---

[1] "Accordingly, the Court must rule for the defendants, not as the result of an exercise of discretion, but rather on the basis that § 16601 invalidates a restrictive covenant where 'substantially all' but not 'all' of a shareholder's shares are involved in the sale."

[2] Cal. Statutes 1945, chapter 671, page 1341, section 1.

[3] Cal. Statutes 1963, chapter 597, page 1476, section 1.

[4] Section 16601 now reads as follows: "Any person who sells the goodwill of a business, or any shareholder of a corporation selling or otherwise disposing of all his shares in said corporation, or any shareholder of a corporation which sells (a) all or substantially all of its operating assets together with the goodwill of the corporation, (b) all or substantially all of the operating assets of a division or a subsidiary of the corporation together with the goodwill of such division or subsidiary, or (c) all of the shares of any subsidiary, may agree with the buyer to refrain from carrying on a similar business within a specified county or counties, city or cities, or a part

We cannot say that the Legislature, in the statute enacted in 1963, has in any way indicated an intention to modify the provision enacted in 1945. Clearly, in 1963 the Legislature was aware of the possibility of a sale of less than the seller owned; had it desired to extend that concept to the sale of stock it could easily have done so.

Defendant Skirvin did not sell *all* of his stock;[5] section 16601 does not authorize his covenant; section 16600 applies; the covenant is not enforceable.

The order appealed from is affirmed.

Files, P. J., and Dunn, J., concurred.

---

thereof, in which the business so sold, or that of said corporation, division, or subsidiary has been carried on, so long as the buyer, or any person deriving title to the goodwill or shares from him, carries on a like business therein. For the purposes of this section, 'subsidiary' shall mean any corporation, a majority of whose voting shares are owned by the selling corporation."

[5] We have some difficulty in regarding a sale in which the seller retains 18 percent of his stock as a sale of "substantially all" of his stock holdings. However, the trial court, in its memorandum decision, seems to have regarded the sale herein involved as being in that category; accordingly, we have decided the appeal on that same theory.